J-S38008-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT JORDAN | : | |
| | : | |
| Appellant | : | No. 670 WDA 2017 |

Appeal from the PCRA Order April 18, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002061-2014

BEFORE:  BOWES, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                    FILED NOVEMBER 14, 2018

Vincent Jordan appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On December 1, 2014, Appellant entered a negotiated guilty plea to three counts of aggravated assault, and one count each of recklessly endangering another person and possession of firearm prohibited.  Pursuant to the plea agreement, the trial court imposed an aggregate sentence of seven and one-half to fifteen years incarceration.  Appellant did not timely file post-sentence motions or a direct appeal.

On October 29, 2015, Appellant filed a timely pro se PCRA petition.  The PCRA court appointed counsel, who filed a Turner/Finley[1] no-merit letter and

---

[1]  See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

---

*   Retired Senior Judge assigned to the Superior Court.

a petition to withdraw as counsel. On February 21, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and on April 18, 2017, entered an order dismissing the PCRA petition and permitting counsel to withdraw.[2] Appellant filed a timely pro se notice of appeal. The PCRA court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and granted Appellant's multiple pro se requests for extension of time. Appellant did not comply with that directive.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court suggests that the instant appeal should be dismissed based on Appellant's failure to file a concise statement. Ordinarily, the failure to file a concise statement results in waiver of the issues to be appealed. See Pa.R.A.P. 1925(b)(4)(vii); see also Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998). However, where the PCRA court's order directing an appellant to file a concise statement does

_____

[2] The record did not explicitly indicate that PCRA counsel had been permitted to withdraw, but counsel did not enter an appearance or file a Turner/Finley no-merit letter on appeal. Accordingly, on July 10, 2018, we remanded for a determination as to counsel's status. Upon remand, the PCRA court entered a corrective order explaining that it had intended to permit the withdrawal of PCRA counsel, but due to a clerical error, the withdrawal was not made part of the dismissal order. See Trial Court Order, 8/7/18, at 1. As part of its corrective order, the PCRA court granted counsel's withdrawal retroactive to April 18, 2017. See id.

not comply with the dictates of Rule 1925(b)(3),[3] waiver under subsection (b)(4)(vii) is inappropriate. See Commonwealth v. Jones, ___ A.3d ___, 2018 Pa. Super. LEXIS 815 *8-9 (Pa.Super. 2018). Here, the PCRA court's Pa.R.A.P. 1925(b) order did not comply with the requirements of subsection (b)(3) insofar as it did not direct Appellant to serve a separate copy of the statement on the trial judge, or advise Appellant that any issue not properly included in the statement timely filed and served pursuant to subdivision (b) shall be deemed waived. Accordingly, we decline to find waiver of Appellant's claims pursuant to subsection (b)(4)(vii). See Jones, supra. Thus, we will address the issues raised in Appellant's brief.

Appellant raises the following issues for our review:

1. Whether the judge was in error in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the PCRA petition regarding trial counsel's ineffectiveness[?]

---

[3] Pursuant to Rule 1925(b)(3), if the trial court elects to order an appellant to file a concise statement of errors complained of on appeal, the order "shall specify:"

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added).

2. Whether the judge was in error in not granting relief on the PCRA petition alleging counsel was ineffective[?]

3. Whether the judge was in error by not allowing Appellant to withdraw "His" guilty plea. Because Appellant asserted his guilty plea colloquy was <u>constitutionally inadequate</u>. And the Commonwealth did not inform [Appellant] of the elements of the charges against him, the colloquy was deficient. The court failed to identify the elements of the charges as required by Pa.R.Crim.P. 121(A)(2)(b).

Appellant's brief at 7 (emphasis in original).

Our standard of review is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

In his first issue, Appellant contends that the PCRA court erred by dismissing his petition without an evidentiary hearing. The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied "there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." Commonwealth v. Cousar, 154

A.3d 287, 297 (Pa. 2017) (quoting Commonwealth v. Paddy, 15 A.3d 431, 442 (Pa. 2011)); Pa.R.Crim.P. 907. "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." Cousar, supra at 297 (quoting Paddy, supra at 442 (citation omitted)). An evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." Commonwealth v. Jones, 811 A.2d 994, 1003 n.8 (Pa. 2002) (citation omitted) (declining to remand for an evidentiary hearing when the appellant made no proffer of evidence).

Here, Appellant generically claims, without explanation, that "the issue of ineffective assistance of counsel raised in Appellant's PCRA petition, if proven would entitle Appellant to relief." Appellant's brief at 13. Appellant does not discuss the manner in which his trial counsel was purportedly ineffective, or identify any genuine factual inquiry requiring an evidentiary hearing. As Appellant has made no proffer of evidence, his first claim entitles him to no relief. See Jones, supra.

In his second issue, Appellant baldly claims that plea counsel was ineffective in (1) coercing Appellant to plead guilty; and (2) failing to object to Appellant's deficient guilty plea colloquy. Appellant's brief at 13.

Appellant's second claim is woefully undeveloped. Although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant. See Commonwealth v. Maris, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993). Accordingly, a pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. Id. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Id.; see also Pa.R.A.P. 2101.

The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. See Pa.R.A.P. 2119(a). Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. See Commonwealth v. Murchinson, 899 A.2d 1159, 1160 (Pa.Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant caselaw and to the record to support his claims); see also Commonwealth v. Heilman, 867 A.2d 542, 546 (Pa.Super. 2005) (recognizing that failure to provide "such discussion and citation of authorities as are deemed pertinent" may result in waiver); Commonwealth v. Cornelius, 856 A.2d 62, 77 (Pa.Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument).

Here, Appellant has failed to provide any meaningful discussion as to how he was purportedly coerced by counsel to enter his guilty pleas. Nor has he identified any particular deficiency in either his written or oral guilty plea colloquies. Moreover, Appellant has not identified or discussed any prong of the legal test for establishing the ineffectiveness of counsel. See Commonwealth v. Ali, 10 A.3d 282, 291 (Pa. 2010). Thus, because Appellant failed to appropriately develop his second claim, it is waived. See Pa.R.A.P. 2119(a); see also Murchinson, supra; Heilman, supra; Cornelius, supra.

Although Appellant identified a third claim in his statement of questions presented, his brief is devoid of any argument pertaining thereto. Therefore, Appellant's final claim is waived. See Pa.R.A.P. 2119(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2018

- 7 -